FILED

2015 JAN 14  PM 3:00

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILONG HUYNH,<br><br>　　　　　　　　Petitioner,<br><br>　　v.<br><br>J. LIZARRAGA, Warden,<br><br>　　　　　　　　Respondent. | Civil No.　14-2452 BEN (RBB)<br><br>**ORDER:**<br><br>**(1) DENYING APPLICATION TO PROCEED *IN FORMA PAUPERIS* AS MOOT**<br><br>**(2) DISMISSING CASE WITHOUT PREJUDICE AND WITH LEAVE TO AMEND** |

　　On October 14, 2014, Petitioner, a state prisoner proceeding pro se, submitted a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, together with a request to proceed *in forma pauperis*. (ECF Nos. 1-2.) The Court dismissed the action on October 22, 2014, because Petitioner had failed to provide the Court with sufficient proof of his inability to pay the $5.00 filing fee. Petitioner also did not alleged exhaustion of his state judicial remedies. (ECF No. 3.) Petitioner was given until December 16, 2014, to either pay the $5.00 filing fee or submit adequate proof of his inability to pay, and to submit a First Amended Petition that alleged exhaustion. (*Id.*)

　　On December 19, 2014, Petitioner submitted a second motion to proceed in forma pauperis and a First Amended Petition. (ECF Nos. 4-5). On December 31, 2014, Petitioner also paid the $5.00 filing fee. (ECF No. 6.)

## MOTION TO PROCEED IN FORMA PAUPERIS

Because Petitioner has paid the filing fee, the Court **DENIES** Petitioner's application to proceed *in forma pauperis* as moot.

## FAILURE TO ALLEGE EXHAUSTION OF STATE JUDICIAL REMEDIES

Petitioner has again failed to allege exhaustion of his state judicial remedies. As the Court advised in its previous Order, habeas petitioners who wish to challenge either their state court conviction or the length of their confinement in state prison, must first exhaust state judicial remedies. 28 U.S.C. § 2254(b), (c); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987). Ordinarily, to satisfy the exhaustion requirement, a petitioner must "'fairly present[]' his federal claim to the highest state court with jurisdiction to consider it, or . . . demonstrate[] that no state remedy remains available." *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996) (citations omitted). Moreover, to properly exhaust state court remedies a petitioner must allege, <u>in state court</u>, how one or more of his or her federal rights have been violated. For example, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him [or her] the due process of law guaranteed by the Fourteenth Amendment, he [or she] must say so, not only in federal court, but in state court." *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995).

Petitioner specifically indicates he is currently seeking review in the California Supreme Court. (*See* Am. Pet. at 6-9, ECF No. 5.) Thus, he has not exhausted his state judicial remedies.

Further, the Court cautions Petitioner that under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") a one-year period of limitation applies to a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).

The statute of limitations does not run while a properly filed <u>state</u> habeas corpus petition is pending. 28 U.S.C. § 2244(d)(2); *see Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999). *But see Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed' when its delivery and acceptance [by the appropriate court officer for placement into the record] are in compliance with the applicable laws and rules governing filings."). However, absent some other basis for tolling, the statute of limitations does run while a <u>federal</u> habeas petition is pending. *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

## CONCLUSION

For the foregoing reasons, the Court **DENIES as moot** Petitioner's motion to proceed *in forma pauperis* and **DISMISSES** this case without prejudice and with leave to amend. To proceed with this case Petitioner must, **no later than March 6, 2015**, submit a Second Amended Petition that alleges exhaustion of his state judicial remedies. If Petitioner does not allege exhaustion by March 6, 2015, this case will remain dismissed and Petitioner will have to file a new petition which will be given a new case number. *The Clerk of Court is directed to mail Petitioner a blank Second Amended 28 U.S.C. § 2254 Petition form together with a copy of this Order.*

**IT IS SO ORDERED.**

DATED: January 2, 2015

HON. ROGER T. BENITEZ
United States District Judge